# IN THE COURT OF APPEALS OF IOWA

No. 24-0148
Filed October 16, 2024

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**EZEKIEL LARSON,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Floyd County, DeDra Schroeder, Judge.

　　A defendant appeals his sentence following a guilty plea. **AFFIRMED.**

　　Martha J. Lucey, State Appellate Defender, and Ella M. Newell, Assistant Appellate Defender, for appellant.

　　Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

　　Considered by Schumacher, P.J., Buller, J., and Danilson, S.J.*

　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**DANILSON, Senior Judge.**

Ezekiel Larson pled guilty to one count of child endangerment resulting in bodily injury. As part of the plea agreement, the parties agreed to jointly recommend imposition of a suspended five-year prison term accompanied by three years of probation.[1] The subsequent presentence investigation report recommended Larson be sentenced to prison. At sentencing, the district court declined to accept the parties' joint recommendation and instead sentenced Larson to a five-year term of incarceration. Larson appeals, claiming the district court abused its discretion when sentencing him to a prison term.[2]

### I. Standard of Review

"Our review of a sentence imposed in a criminal case is for correction of errors at law." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *Id.* "A sentencing court's decision to impose a specific sentence that falls within the statutory limits 'is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters.'" *State v. Boldon*, 954 N.W.2d 62, 73 (Iowa 2021) (citation omitted).

---

[1] The plea agreement was not conditioned on the district court's acceptance of the joint sentencing recommendation. *See* Iowa R. Crim. P. 2.10(3).

[2] Because Larson challenges his discretionary sentence, he has good cause to appeal. *See* Iowa Code § 814.6(1)(a)(3) (2023) (requiring defendants who plead guilty to offenses other than class "A" felonies to establish good cause to appeal); *State v. Damme*, 944 N.W.2d 98, 100 (Iowa 2020) ("We hold that the good-cause requirement is satisfied in this context when the defendant appeals a sentence that was neither mandatory nor agreed to in the plea bargain.").

## II.    Discussion

Larson claims that the district court abused its sentencing discretion by failing to adequately consider mitigating factors such as his remorse, employment, family supports, and cooperation with the Iowa Department of Health and Human Services in a separate juvenile court case.  He also argues the district court should not have considered his criminal history to conclude that he was not an appropriate candidate for probation.

The purpose of sentencing is "to provide maximum opportunity to rehabilitate the defendant and to protect the community."  *Damme*, 944 N.W.2d at 106.  When fashioning an individualized sentence to achieve that purpose, the sentencing court considers several sentencing factors including: the nature of the offense; the attending circumstances; the age, character, and propensity of the defendant; the defendant's employment status, family circumstances, potential for reform, and prior record of convictions or deferred judgments; and any other relevant factors.  *Id.*  Additionally, "[a] defendant's acceptance of responsibility for the offense, and a sincere demonstration of remorse, are proper considerations in sentencing."  *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022) (citation omitted).  It is up to the district court to balance these individual factors given the circumstances of each defendant.  *See State v. Hightower*, 8 N.W.3d 527, 543 (Iowa 2024).  And "while the district court ha[s] the obligation to consider relevant factors, it [is] not required to specifically acknowledge each mitigating factor claimed by" the defendant.  *State v. Phillips*, 996 N.W.2d 419, 422 (Iowa Ct. App. 2023).

Following our review of the record, we conclude that the district court did not abuse its discretion when it weighed permissible sentencing factors to reach a sentencing determination. At the sentencing hearing and within the written sentencing order, the district court noted Larson's age, attitude, criminal history, employment status, and familial support; the nature of the offense; the parties' joint recommendation; and the presentence investigation report recommendation as factors it considered when making its sentencing determination. These are all permissible factors for the court to consider.

While Larson contends that the court should have placed greater significance on certain mitigating factors like his remorse, the court had no duty to specifically discuss each mitigating factor or to weigh them as significantly as Larson desired. *See id.* To the extent that Larson argues the district court improperly considered his criminal history to conclude that he was a poor candidate for probation, he is incorrect. The district court was free to consider Larson's criminal history, which spanned a decade and included multiple instances of Larson violating probation.[3] *See id.* at 421.

Larson cannot establish that the district court abused its discretion when it sentenced him to prison. *See Damme*, 944 N.W.2d at 106 (collecting cases

---

[3] At the sentencing hearing, Larson's counsel noted that the presentence investigation report required no additions or corrections and conceded that the court could rely upon it for sentencing purposes. The report detailed Larson's criminal history. It showed that when Larson was previously placed on probation, he violated probation multiple times.

recognizing a defendant bears the burden on appeal to "overcome the presumption in favor of the sentence").  As a result, we affirm.

**AFFIRMED.**